IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PRENTICE PARHAM<br><br>              Plaintiff<br><br>VS.<br><br>ROBERT N. REECE, *et al.*,<br><br>              Defendants | NO. 5:07-CV-57 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff PRENTICE PARHAM, at all times relevant to the events complained of in the above-captioned case, was confined in the Jones County Jail. He has sued Sheriff Robert N. Reece and Detective Calvin Pitts alleging that these defendants violated his constitutional rights. Plaintiff Parham alleges that he was refused bail and thereby unlawfully confined by the defendants for a period of eight months prior to having the charges against him heard by a grand jury.

Before the court is the defendants' motion seeking summary judgment. Tab #27. This motion is supported by a brief, statement of undisputed material facts, several affidavits, and numerous other exhibits. Tab #28, Tab #29. Plaintiff Parham has been directed to file, and has filed, a response to the defendants' motion.[1] Tab #34. In their motion seeking summary judgment, the defendants essentially contend that plaintiff Parham has failed to adequately state a claim.

### LEGAL STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*

---

[1] Plaintiff Parham's response does not refute, or even address, the arguments set forth by the defendants in their motion seeking summary judgment. Instead, plaintiff Parham's response indicates his sincere desire to reach a settlement with the defendants prior to trial.

> *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
>
>> *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
>>
>> *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
>>
>> *(C) the movant may file a reply within 14 days after the response is served.*
>
> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

**DISCUSSION**

Plaintiff Parham alleges that the defendants violated his constitutional rights by causing him to remain confined for a period of eight months prior to having criminal charges presented to a grand jury.  The defendants contend that they "did not wrong plaintiff Parham in any way nor cause him to be subjected to a deprivation of rights."  In support of this position, they set forth the following statement of facts.[3]

> *On July 9, 2006, Investigator Calvin Pitts of the Jones County Sheriff's Office was contacted by Sheriff Richard Chatman, who is the Sheriff of Wilkinson County, Georgia.  Sheriff Chatman informed Investigator Pitts that he was investigating a rape that occurred in Jones County.  The victim was a fifteen year old girl.  At that time the suspect was known only to Investigator Pitts as Eugene. The next day, July 10, 2006, Investigator Pitts, Sheriff Chatman, and Wilkinson County Sheriff's Office Investigator Rod Chatman accompanied the fifteen year old rape victim to the Crescent House at the Medical Center of Central Georgia.*
>
> *At the Crescent House, these law enforcement officers were able to observe the rape victim being interviewed by the personnel of the Crescent House without being present in the interview room.  The rape victim stated to the interviewer that Prentice, also known as Eugene, woke her up and tried to rape her.  She stated that Prentice held her down, bit her, and tried to put his penis inside her multiple times. The victim stated that it hurt.  She also showed the interviewer a bite mark and bruises on her arms.  The interviewer, Ashley Wilson, provided the officers, including Pitts, with a audio/video copy of the interview and other materials related to the interviewer.*

---

[2] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

[3] The statement of facts was excerpted from the defendants' memorandum in support of their motion seeking summary judgment.  Tab #28.  Exhaustive internal citations originally included in the statement of facts narrative have been removed in the interests of clarity and brevity.

*On July 11, 2006, the fifteen year old rape victim was examined by Nurse Allison Butler at the Medical Center of Central Georgia. Pitts was present in the office, but not the examining room. Nurse Butler communicated to Investigator Pitts that the victim's examination was consistent with penetration and sexual abuse. Debbie West, with whom Nurse Butler works, provided Pitts with a report detailing Butler's findings.*

*Investigator Pitts, on July 10 or July 11, 2006, interviewed the victim himself. Again, she stated that Prentice Parham raped her. She also gave Pitts details as to who Parham is, such as the fact that he did yard work for the owner of the house. Pitts also learned that Parham stayed the night at the home where the fifteen year old girl was raped on the night the rape took place.*

*Based upon the foregoing information, Investigator Pitts applied for four arrest warrants in the Magistrate Court of Jones County. The Magistrate Court issued warrants for Parham on charges of Aggravated Child Molestation, Cruelty to Children, Statutory Rape, and Rape. The arrest warrants for Parham were executed by Jones County Sheriff's Office Lt. Ed Bailey on July 14, 2006. Bailey arrested Parham and brought him to the Jones County jail, where he was booked.*

*Parham requested an appointed attorney, and the Public Defender's Office was notified that Parham had been arrested and was being held at the jail. Because O.C.G.A. § 17-6-1(a) mandates that the offenses of Rape or Aggravated Child Molestation are bailable only before a judge of the superior court, Parham was required to be held without bail until a superior court judge ruled otherwise.*

*Just seventeen days after his arrest, on July 31, 2006, assistant public defender Nicholas White entered an appearance on behalf of Parham in the Superior Court of Jones County. From July 17 forward, Parham was represented by counsel on the above referenced charges.*

*On September 8, 2006, less than two months after his arrest, Parham appeared in the Magistrate Court of Jones County for a probable cause hearing. Parham was represented at the hearing by White. Investigator Pitts testified for the State. White called the victim and the victim's mother as witnesses.*

*During her testimony, the victim identified Parham, who was in the courtroom, as the man who raped her. Parham appeared in superior court before the Honorable John Lee Parrott on September 14, 2006 for a bond hearing. After listening to counsel for the State and counsel for Parham, Judge Parrott denied bond.*

*On October 26, 2006, Judge Parrott issued another order, granting Parham a $75,000 bond. This order is signed by Judge Parrott, counsel for the State, and Nicholas White as counsel for Parham.*

> *Middle Georgia Conflict Defender Alana Devaney-Jackson entered an appearance for Mr. Parham on December 27, 2006, apparently replacing White. Parham was indicted for Rape by a Jones County grand jury on February 7, 2007, less than seven months after his arrest. Devaney-Jackson filed a motion for reduction of bond on Parham's behalf on February 15. On March 8, 2007, the Honorable Hugh V. Wingfield, III signed an order reducing Parham's bond to $5,000. A copy of this order was given to the Jones County Sheriff's office, but the original was never filed in the superior court. Parham posted bond and was released on March 13, 2007.*
>
> *At all times during his stay at the Jones County jail, Parham was granted full access to his attorney and the public defender's office. Parham was transported to court anytime it was requested by a judge, the district attorney, or Parham's attorney. Parham's attorneys, Nick White and Alana Devaney-Jackson were given access to Parham 24 hours a day, seven days a week.*

Having considered the defendants' **<u>uncontested</u>** recitation of facts, the affidavits and exhibits heretofore submitted to the court by the parties, and the relevant legal standards as set forth above, the undersigned concludes that the defendants were without the requisite authority to violate the plaintiff's constitutional rights in the manner alleged and, as such, are entitled to judgment as a matter of law. Accordingly, **IT IS RECOMMENDED** that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**.

Also before the court is the plaintiff's motion seeking summary judgment. Tab #31. In view of the above recommendation to grant the defendants' motion seeking summary judgment, **IT IS RECOMMENDED** that the plaintiff's MOTION FOR SUMMARY JUDGMENT be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these RECOMMENDATIONS with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 12th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE