THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **PRENTICE PARHAM,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action |
| : | No. 5:07-cv-57 (CAR) |
| **ROBERT N. REECE and** : | |
| **CALVIN PITTS,** : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER ON RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 35] to grant Defendants' Motion for Summary Judgment and to deny Plaintiff's Motion for Summary Judgment. Plaintiff has not entered an objection to the Recommendation. Upon review of the Recommendation and consideration of the matter, the Court agrees with the findings and conclusions of the United States Magistrate Judge.

Plaintiff's Complaint, liberally construed, alleges that he was denied access to the courts because he was held in detention for nearly seven months before being indicted. Assuming for the sake of this Order that the delay between Plaintiff's arrest and indictment was excessive, Plaintiff has nevertheless failed to present evidence that either of the Defendants in this case was responsible for that delay. The remaining Defendants in the case are Robert Reece, Sheriff of Jones County, and Calvin Pitts, an investigator for the Jones County Sheriff's Office.[1] The undisputed evidence

---

[1] A third Defendant, Jones County District Attorney Gregory L. Bushway, was dismissed by an earlier Order of the Court, on the basis of prosecutorial immunity. See Docs. 12, 18.

in the record shows that the courts, and not the Sheriff's Office, were responsible for matters related to bail and detention. The District Attorney's Office was responsible for the decision to indict. Once a suspect is arrested, the Sheriff's Office has no control over these matters, but only acts pursuant to court order.

Nothing in the record indicates that Pitts or Reece acted in any way to interfere with the process of the courts. The record shows that Plaintiff was arrested on July 14, 2006, pursuant to warrants for Aggravated Child Molestation, Cruelty to Children, Statutory Rape, and Rape. He was appointed counsel, who entered an appearance on July 31, 2006. On September 8, 2006, Plaintiff appeared before a magistrate judge for a probable cause hearing, and was bound over. On September 14, 2006, a Superior Court judge conducted a bond hearing and denied bond. On October 26, 2006, the Superior Court reconsidered the bond order and granted a $75,000 bond. Plaintiff was indicted on February 7, 2007. The bond was reduced to $5,000 on March 8, 2007, and Plaintiff was released on bond on March 13, 2007. The record does not state the outcome of Plaintiff's criminal case.

In Plaintiff's Motion for Summary Judgment, Plaintiff brings a new allegation, contending that Investigator Pitts and Sheriff Reece arrested him without probable cause. Ordinarily, it is improper for a party to attempt to amend a complaint in the course of argument on motion for summary judgment. See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004). The Court notes that the record also fails to support a claim for wrongful arrest. The warrants for Plaintiff's arrest were issued by a Jones County magistrate judge, upon application by Investigator Pitts. There is no indication that Sheriff Reece participated in the investigation or warrant application. Both Plaintiff and Defendant have submitted a transcript of the probable cause hearing conducted by a magistrate judge on September 14, 2006. The Court has reviewed this transcript,

and finds that it shows substantial probable cause for Plaintiff's arrest on the charges alleged in the warrants.

Accordingly, the Recommendation of the United States Magistrate Judge is **ADOPTED** and **MADE THE ORDER OF THE COURT**. Defendant's Motion for Summary Judgment [Doc. 27] is hereby **GRANTED**, and Plaintiff's Motion for Summary Judgment [Doc. 31] is **DENIED**.

It is SO ORDERED this 9th day of February, 2010.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT

chw